UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

STEPHEN R. LILLEY,   Case No. 1:15-cv-128

    Plaintiff,   Barrett, J.
       Bowman, M.J.
  v.

HON. ROBERT PEELER, et al.,

    Defendants.

## REPORT AND RECOMMENDATION

**I. Background**

Plaintiff paid the requisite filing fee of $400.00 and initiated this lawsuit *pro se* on February 23, 2015. Plaintiff's complaint contains at least 52 separately stated claims against nine Defendants, and spans 705 numbered paragraphs and 185 pages. While difficult to follow in its entirety, the complaint appears to challenge numerous state court proceedings that have taken place "over a period of approximately nineteen years," which have allegedly caused Plaintiff to suffer from post-traumatic stress disorder, among other injuries. (Complaint at 7). For at least some period of time, according to his complaint, Plaintiff was declared mentally incompetent in state court. To date, three of the identified Defendants have filed motions to dismiss.

Less than two weeks after filing his complaint, on March 4, 2015, Plaintiff filed a document docketed as an "Emergency Motion for Preliminary Injunction, Motion for

1

Temporary Restraining Order." (Doc. 6). Pursuant to the practice of this Court, Plaintiff's motion has been referred to the undersigned magistrate judge for initial review and for a report and recommendation ("R&R"). For the reasons that follow, I now recommend that Plaintiff's motion for a temporary restraining order ("TRO") or preliminary injunction be denied.

## II. Analysis of Motion for TRO/ Preliminary Injunction

In determining whether to issue a TRO or an emergency injunction, the Court balances the following factors:

1. Whether the party seeking the injunction has shown a substantial likelihood of success on the merits;

2. Whether the party seeking the injunction will suffer irreparable harm absent the injunction;

3. Whether an injunction will cause others to suffer substantial harm; and

4. Whether the public interest would be served by a preliminary injunction.

See *Procter & Gamble v. Bankers Trust Co.*, 78 F.3d 219, 226-227 (6th Cir. 1996), citing *Mason County Medical Ass'n v. Knebel*, 563 F.2d 256, 261 (6th Cir. 1977)(applying preliminary injunction factors to motion for temporary restraining order).

Plaintiff has not alleged facts sufficient to warrant a temporary restraining order or a preliminary injunction in this case. Although the deciding factor is his failure to prove a likelihood of success on the merits, Plaintiff has demonstrated none of the factors required to obtain injunctive relief.

2

The purpose of a preliminary injunction is to maintain the relative positions of the parties until proceedings on the merits can be conducted. *University of Texas v. Camenisch,* 451 U.S. 390, 395 (1981); *see also Southern Milk Sales, Inc. v. Martin,* 924 F.2d 98, 102 (6th Cir. 1991). "A preliminary injunction is an extraordinary remedy which should be granted only if the movant carries his or her burden of proving that the circumstances clearly demand it." *See Overstreet v. Lexington-Fayette Urban County Government,* 305 F.3d 566, 573 (6th Cir.2002). When an injunction is sought by an inmate against state prison officials, the Sixth Circuit has noted that findings of fact in support of any granted relief are "especially critical" since such an order would necessarily intrude "significantly into the prerogatives of state correctional officials." *See Glover v. Johnson,* 855 F.2d 277, 284 (6th Cir.1988); *Kendrick v. Bland,* 740 F.2d 432, 438, n. 3 (6th Cir.1984)("[W]here state penal institutions are involved, federal courts have a further reason for deference to the appropriate prison authorities").

In this case, Plaintiff has failed to satisfy his heavy burden of demonstrating that extraordinary relief is warranted. Plaintiff seeks to enjoin and stay the sale of property located in Warren County. Plaintiff indicates that such property was scheduled to be sold at a Sheriff's sale on March 9, 2015. First, it must be noted that the sale is presumed to have taken place at this date. Thus, it is likely that Plaintiff's motion is now moot. However, even if the sale has not yet occurred, Plaintiff would not be entitled to emergency injunctive relief from this Court.

Plaintiff's motion for a TRO and for preliminary injunctive relief focuses on somewhat different allegations than those appearing in his complaint, to the extent that there are barely any references in the complaint to the foreclosure proceedings to which Plaintiff's TRO motion pertains.[1] As best the undersigned can ascertain, Plaintiff appears to be seeking relief from a foreclosure sale based upon his contention that he was unable to pay his debts on the property subject to foreclosure, due to other misconduct of various Defendants, including the FBI and a host of state officials and private individuals, over the course of many years.

Plaintiff's motion for a TRO specifically seeks to enjoin the sale of "personal property of 10.1 acres, Adjacent to Plaintiff's private residence at 2900 S. Waynesville Rd. Morrow, OH 45152." Plaintiff alleges that he ran a business on the referenced property "until he fell victim of corruption and schemes as described in his complaint." (Doc. 6 at 2). He claims that if he "is allowed to succeed in his Verified Complaint [in this Court] for redress [of] the deprivation of rights, Plaintiff should recover more than enough money to pay off all debts." (Doc. 6 at 6).

Plaintiff asserts that emergency injunctive relieve is necessary because he was not served with legal notice of the foreclosure sale, and only learned of the upcoming sale scheduled for March 9 shortly before filing his motion on March 4, 2015.[2] Plaintiff's motion lists the following series of events:

---

[1]*But see* ¶¶246-247 at p. 87 and ¶260 at p. 90.

[2]Plaintiff's complaint, filed two weeks earlier on February 23, 2015, complains of the same lack of

4

>    11-20-2014, Decree in Foreclosure, Final Appealable Order
>    12-19-2014, Notice of Appeal – Appeal Filed
>    1-14-2015, Precipe for order of sale $500 paid
>    1-14-2015, Order of sale issued Sheriff of Warren County
>    2-12-2015, Notice of Sheriff's Sale
>    2-23-2015, Filed Federal Civil Rights Lawsuit w/ supplemental jurisdiction, Case Number: 13CV84556

(Doc. 6 at 3). In other words, Plaintiff asserts that he previously appealed the decree of foreclosure in state court, which appeal he alleges remains pending. Plaintiff argues that this Court should intervene to prevent the Sheriff's sale because otherwise his property "will be sold at Sheriff sale before the issues can be address[ed] in the Court of Appeals…." (Doc. 6 at 3).

To date, three Defendants have filed motions to dismiss Plaintiff's underlying claims against them in lieu of filing an answer. Defendant Ohio Attorney General Mike DeWine has moved to dismiss based upon this Court's lack of subject matter jurisdiction, and for failure to state a claim on which this Court can grant relief. (Doc. 16). Similarly, two state judicial officers, the Honorable Judge Robert Peeler and Magistrate Andrew Hasselbach, have moved to dismiss Plaintiff's claims against them with prejudice for lack of subject matter jurisdiction and for failure to state any claim. (Doc. 15). Because Plaintiff's time to respond to those motions has not yet expired, the undersigned has conducted only a preliminary review of the motions in order to assist in determining Plaintiff's likelihood of success on the merits. However, Defendants' respective arguments appear – again, on a preliminary basis and without prejudging the

---

adequate notice for the upcoming sale date of March 9, 2015. (Doc. 1-1 at ¶247).

5

merits of any response – to be relatively strong and well supported by ample citation to authority.

Both the Attorney General and Judge Peeler and Magistrate Hasselbach, as well as the Warren County Board of Commissioners, also have filed responses to Plaintiff's emergency motion for injunctive relief. (Docs. 17, 18). Defendants' responses incorporate the arguments in their respective motions to dismiss.

The undersigned finds no need to extensively reiterate those arguments. Suffice it to say, Plaintiff has not established a substantial likelihood or probability of success on the merits of his very old claims, previously prosecuted (repeatedly) in a number of state court cases. Moreover, notwithstanding Plaintiff's contention that the sale of his property in foreclosure would cause irreparable injury, Plaintiff had (and perhaps still has) adequate remedies in the Ohio state court foreclosure proceeding to contest that sale. The fact that he has been unsuccessful in state court does not automatically entitle him to a federal injunction. Last, granting an injunction has the potential to harm third parties and the public, to the extent that a buyer may already have purchased the property. While Plaintiff argues that it is the interest of the public to stop foreclosures generally based upon the high level of mortgage fraud in this country, only Plaintiff's private interests are affected by the injunctive relief he seeks.

### III. Conclusion and Recommendation

For the reasons stated, **IT IS RECOMMENDED THAT** Plaintiff's emergency motion for a TRO and/or preliminary injunctive relief (Doc. 6) be **DENIED**.

/s *Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

**UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION**

STEPHEN R. LILLEY,                                   Case No. 1:15-cv-128

    Plaintiff,                                            Barrett, J.
                                                                                                                   Bowman, M.J.

    v.

HON. ROBERT PEELER, et al.,

    Defendants.

**NOTICE**

Pursuant to Fed. R. Civ. P. 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R.  That period may be extended further by the Court on timely motion by either side for an extension of time.  All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections.  A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections.  Failure to make objections in accordance with this procedure may forfeit rights on appeal.  See *Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).